COURT'S
EXHIBIT NO. 2
IDENTIFICATION/EVIDENCE
DKT.# 21cv564-1
DATE: 10/22/2024

JPL:JV/JKW
F. # 2020R00002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA　　　　　　PLEA AGREEMENT

　　　- against -　　　　　　　　　　21 CR 564 (S-3) (WFK)

HAFIZULLAH EBADY,

　　　　　　Defendant.

- - - - - - - - - - - - - - - - -X

　　　　　Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and HAFIZULLAH EBADY (the "defendant") agree to the following:

　　　1.　　The defendant will plead guilty to Count One of the above-captioned third superseding indictment, charging a violation of 18 U.S.C. § 1349. The count carries the following statutory penalties:

　　　　　a.　　Maximum term of imprisonment: 10 years
　　　　　　　　(18 U.S.C. §§ 1347 and 1349).

　　　　　b.　　Minimum term of imprisonment: 0 years
　　　　　　　　(18 U.S.C. §§ 1347 and 1349).

　　　　　c.　　Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
　　　　　　　　(18 U.S.C. §§ 3583(b) and (e)).

　　　　　d.　　Maximum fine: Greater of $250,000, or twice the gross gain or twice the gross loss
　　　　　　　　(18 U.S.C. §§ 3571(b)(2), (b)(3) and (d)).

      e.      Restitution: Mandatory in the full amount of $195,601,140.03, to be paid in accordance with the restitution order to be filed under seal with the Court in connection with the plea.
(18 U.S.C. §§ 3663A and 3664).

      f.      $100 special assessment
(18 U.S.C. § 3013).

      g.      Other penalties: Denaturalization and removal, as set forth below in paragraph 14; criminal forfeiture as set forth below in paragraphs 6-13
(18 U.S.C. §§ 982(a)(7) and 982(b)(1); 21 U.S.C. § 853(p)).

2.    The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 34, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---|
| Base Offense Level (U.S.S.G. §§ 2X1.1, 2B1.1(a)(2)) | | 6 |
| Plus: | Loss Greater than $150 Million (U.S.S.G. § 2B1.1(b)(1)(N)) | +26 |
| Plus: | Offense Involved 10 or More Victims (U.S.S.G. § 2B1.1(b)(2)(A)(i)) | +2 |
| Plus: | Substantial Part of Scheme Committed Outside United States and Sophisticated Means (U.S.S.G. §§ 2B1.1(b)(10)(B) and (b)(10)(C)) | +2 |

|  |  |  |
|---|---|---|
| Less: | Zero-Point Offender (U.S.S.G. § 4C1.1)) | <u>-2</u> |
| Total: |  | <u>34</u> |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 32 and a range of imprisonment of 121-151 months, however, in light of the statutory maximum, the effective Guidelines range is 120 months, <u>see</u> U.S.S.G. § 5G1.1(a), assuming that the defendant falls within Criminal History Category I. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before September 18, 2024, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 31. This level carries a range of imprisonment of 108-135 months, however, in light of the statutory maximum, the effective Guidelines range is 108-120 months, <u>see</u> U.S.S.G. § 5G1.1(a), assuming that the defendant falls within Criminal History Category I. As discussed in more detail in paragraph 16, if the defendant and certain of his co-defendants all plead guilty on or before September 18, 2024, the government will move for an additional one-point reduction for a global disposition, resulting in an adjusted offense level of 30. This level carries a range of imprisonment of 97-121 months, however, in light of the statutory maximum, the effective Guidelines range is 97-120 months, <u>see</u> U.S.S.G. § 5G1.1(a), assuming that the defendant falls within Criminal History Category I. The defendant stipulates to the above Guidelines calculation.

      3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an

error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

        4.       The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 120 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (a) the statute(s) to which the defendant is pleading guilty is unconstitutional and (b) the admitted conduct does not fall within the scope of the statute(s). Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

    5.    The Office agrees that:

    a.    No further criminal charges will be brought against the defendant for his participation in criminal activity involving healthcare fraud, related money laundering and conspiring to commit the same as alleged in the third superseding indictment, all from the period April 2017 through March 2022, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the third superseding indictment and any underlying indictments with prejudice;

and, based upon information now known to the Office, it will

    b.    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

    c.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(c).

    6.    The defendant acknowledges that he obtained and/or acquired property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 1349, as alleged in the above-captioned third superseding indictment. The defendant consents to the entry of a forfeiture money judgment in the amount of one million, eight hundred and twenty thousand, seven hundred and seventy dollars and thirty-four cents ($1,820,770.34) (the "Forfeiture Money

Judgment"). The defendant agrees that the amount of the Forfeiture Money Judgment and any payments toward the Forfeiture Money Judgment represent any property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of his violation of 18 U.S.C. § 1349 and/or substitute assets, and thus are forfeitable to the United States pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), in any administrative and/or judicial (civil or criminal) proceeding(s) at the Office's exclusive discretion. The defendant consents to the entry of an Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, imposing the Forfeiture Money Judgment.

7. The Forfeiture Money Judgment shall be paid in full 30 days in advance of sentencing (the "Due Date"). All payments made by the defendant toward the Forfeiture Money Judgment shall be made by money order, certified check and/or official bank check, payable to the "U.S. Marshals Service." The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, or as otherwise directed by the Office, with the criminal docket number noted on the face of the instrument. The defendant consents to the restraint of all payments made toward the Forfeiture Money Judgment. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

8. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the unpaid Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), as

incorporated by 18 U.S.C. § 982(b)(1), and further agrees the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

9. The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

10. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

11. The defendant represents that he will disclose all of his assets to the United States on the financial statement entitled "United States Department of Justice Financial Statement" (hereinafter, the "Financial Statement") on or before sixty (60) days before defendant's sentencing and will provide a copy to Assistant United States Attorney Claire S. Kedeshian. The defendant agrees that a failure to disclose all assets on the Financial Statement and to inform the government in writing of any material changes up until the time of sentencing constitutes a material breach of this agreement. Upon such a breach, the defendant will not be

entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets and agrees that said assets shall be forfeited to the United States pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), as any property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission as a result of his violation of 18 U.S.C. § 1349 and/or substitute assets.

12.     The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the entry of a Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

13.     The defendant agrees that the entry and payment of the Forfeiture Money Judgment are not to be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

14.     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is a naturalized citizen of the United States. Under federal law, an individual may be subject to denaturalization and removal

8

if his naturalization was procured by concealment of a material fact or by willful misrepresentation or otherwise illegally procured. Denaturalization and other immigration consequences are typically the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic denaturalization and removal from the United States.

15. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

16. This agreement is conditioned upon the following: (a) the defendants listed below (the "covered defendants") entering guilty pleas on or before ~~September 18~~ OCTOBER 22, 2024, pursuant to plea offers, and (b) acceptance of those pleas by a United States District Court Judge at the time of the plea allocution. The covered defendants are:

    i. Hafizullah Ebady;
    ii. Anthony Santamaria; and
    iii. Hershel Tsikman.

If fewer than all of the covered defendants satisfy conditions 16(a) and 16(b), or if any of the covered defendants subsequently seeks to withdraw his guilty plea, the Office, in its sole discretion, may elect to void any or all of the covered defendants' plea agreements and proceed to trial. The Office may also elect not to recommend a reduction under the Guidelines for a global disposition. No covered defendant will have the right to withdraw his guilty plea in any of those circumstances.

17. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
OCTOBER 22, 2024

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
John Vagelatos
Jessica K. Weigel
Assistant United States Attorneys

Approved by:
_____
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
HAFIZULLAH EBADY
Defendant

Approved by:
_____
Michael Tremonte, Esq.   Katie Renzler, Esq.
Counsel to Defendant